# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,

      Appellant,

       v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,

      Agency.

DOCKET NUMBER
DE-3330-15-0006-I-1

DATE: April 13, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Melinda V. McKinnon</u>, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant timely filed an appeal alleging that the agency violated his veterans' preference rights, as provided under the Veterans Employment Opportunities Act of 1998 (VEOA), when it failed to select him for the GS-13 grade level, Public Health Advisor position that he applied for under Vacancy Announcement Number HHS-CDC-D1-14-1173397. Initial Appeal File (IAF), Tab 1. The record reflects that the agency issued concurrent competitive and merit promotion vacancy announcements for the Public Health Advisor position. IAF, Tab 11 at 13-19. The appellant, a 5-point (TP) preference-eligible veteran, applied for the position under the competitive announcement and was afforded the appropriate veterans' preference. IAF, Tab 8 at 5. The agency notified the appellant that he was determined to be ineligible for the position because he did not meet the specialized experience requirement set forth in the vacancy announcement. *See* IAF, Tab 1 at 7-8. Because the appellant was found not qualified, he received no further consideration for the Public Health Advisor position. The agency subsequently selected an individual from the merit promotion certificate. IAF, Tab 11 at 10-12.

¶3      After exhausting his administrative remedies with the Department of Labor, the appellant filed this appeal and requested a hearing. IAF, Tab 1 at 9. On appeal, the appellant argued that agency personnel failed to properly evaluate his application, that he qualified for the Public Health Advisor position, and that the selection process was unlawful. IAF, Tabs 1, 3-4, 13-14. In response to the administrative judge's order to more thoroughly explain why the appellant lacked the specialized work experience required for the Public Health Advisor position, the agency submitted a declaration sworn under penalty of perjury from the Human Resources (HR) Specialist stating that the appellant did not meet the required 1 year of specialized experience at the GS-12 level "because he lacks direct experience with state, local, federal and/or international public health preparedness programs." IAF, Tab 10, Tab 11 at 11. The HR Specialist also certified that the agency selected one applicant from the merit promotion certificate to fill the positon. *Id*. at 12. The administrative judge notified the parties that he found no genuine dispute of material fact requiring a hearing, advised the parties of the applicable law and burdens of proof, and issued a close of record order allowing the parties until December 15, 2014, to supplement the record. IAF, Tab 12. The appellant responded, and without holding a hearing, the administrative judge found no dispute of material fact and issued an initial decision denying the appellant's request for corrective action under VEOA. IAF, Tab 15, Initial Decision (ID) at 1-2.

¶4      In reaching his decision, the administrative judge found that the agency considered the appellant's lengthy resume and that it credited the appellant with all of his experience material to the Public Health Advisor position in finding that he was unqualified. ID at 6-7. The administrative judge found further that he had no authority to reevaluate the weight the agency accorded the appellant's experiences when it determined that he failed to meet the requirement that he show 1 year of specialized experience at the next lower grade level or its equivalent. ID at 6-7. The administrative judge found further that, even if the

appellant were qualified for this Public Health Advisor position, the agency selected an applicant from the merit promotion certificate. ID at 7; IAF, Tab 11 at 11. Thus, the administrative judge denied the appellant's request for corrective action, finding that the appellant did not show that the agency violated any of his statutory or regulatory VEOA-related rights in connection with the Public Health Advisor position at issue in this case. ID at 8.

¶5        To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's action violated one or more of his statutory or regulatory veterans' preference rights in its selection process. *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 10 (2010). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2). The Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008). A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Redd v. U.S. Postal Service*, 101 M.S.P.R. 182, ¶ 14 (2006). A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited. *Id*.

¶6        Here, the appellant filed a petition for review arguing, in pertinent part, that he was improperly denied a hearing and that the agency violated his VEOA rights. Petition for Review (PFR) File, Tab 1 at 6, Tab 3. The appellant also refers to prior appeals he filed against the agency and he argues that there is a pattern and practice of circumventing veterans' rights. PFR File, Tabs 1, 3. The appellant asks the Board to reverse the initial decision and remand his appeal for a hearing. PFR File, Tab 1 at 13-15. The agency has responded in opposition to

the petition, and the appellant has replied, reasserting his argument that he was improperly denied a hearing and arguing that he was qualified for the position and entitled to priority placement.  PFR File, Tabs 1-3.

¶7    Preference-eligible veterans applying for federal employment have the right "to credit for all experience material to the position for which examined, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether" such experience is unpaid.  5 U.S.C. § 3311(2); *see* 5 C.F.R. § 302.302(d); *see also Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014).   Although a preference-eligible is entitled to have a broad range of experiences considered by the agency in reviewing his application for a position, how the agency adjudges and weighs those experiences is beyond the purview of the Board's review in a VEOA appeal.  *Miller*, 121 M.S.P.R. 88, ¶ 9.

¶8    Further, the matter at issue in a VEOA appeal is not whether a particular agency action is proper and should be sustained.  *Id*.  Pursuant to 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight the agency accorded those experiences in reaching its decision that the appellant was not qualified for a given position of employment.  *See Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009) ("Section 3311(2) guarantees that any experience of a veteran that is material to the position for which the veteran is examined will be credited.  At the very least, 'credited' means 'considered.'").

¶9    The administrative judge found that the sole issue in this case is whether the agency violated 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d) by failing to credit the appellant with all "valuable experience" material to the Public Health Advisor position.  ID at 6; IAF, Tab 10.  In deciding this issue, the administrative judge found that the agency had the appellant's lengthy resume before it; the agency's

HR Specialist certified that he "thoroughly reviewed and considered all the information submitted by the appellant" but he found that the appellant lacked the 1 year of specialized experience or its equivalent because he lacked "direct experience with state, local, federal and/or international public health preparedness programs"; and the appellant did not respond to assert or show that he has such experience. *See* ID at 7; *see also* IAF, Tab 11 at 11. Thus, the administrative judge concluded that the agency properly credited the appellant with all of his experience material to the Public Health Advisor position when it determined that he was unqualified for the position and that there was no dispute of material fact. ID at 7.

¶10    While the appellant argues that he was qualified for the position, we agree with the administrative judge's finding that the agency's recruitment process under these vacancy announcements did not violate the appellant's rights under any statute or regulation related to veterans' preference and that there is no dispute of material fact. ID at 5. The agency determined that the appellant was not qualified under Vacancy Announcement HHS-CDC-D1-14-1173397, because he did not meet the specialized experience requirement. IAF, Tab 11 at 11, Tab 7 at 21-22. In the vacancy announcement, the agency stated that the person selected for the Public Health Advisor position would be required to meet the requirement of showing 1 year of specialized experience at the next lower grade level or its equivalent. IAF, Tab 7 at 72. The vacancy announcement explicitly stated that "[s]pecialized experience is experience which is directly related to the position which has equipped the applicant with the particular knowledge, skills and abilities (KSAs) to successfully perform the duties of the position to include direct experience with state, local, federal and/or international public health preparedness programs." *Id*. Although the appellant disputes the agency's determination that he lacks the 1 year of specialized experience required for the Public Health Advisor position because he has never worked in a public health program for the federal government or for a state or local health department,

VEOA does not empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency. *See Miller*, 121 M.S.P.R. 88, ¶ 12.

¶11    Additionally, the appellant has not shown that the agency violated his veterans' preference rights in this case when it made its selection from the merit promotion certificate issued pursuant to the merit promotion announcement, for which he did not apply. An agency has the discretion to fill a vacant position by any authorized method, and the Board has held that there is nothing preventing an agency from soliciting applications from the public and from merit promotion applicants simultaneously and filling the vacant position from the merit promotion certificate. *See Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1384 (Fed. Cir. 2007) (finding that the agency did not violate VEOA by conducting "simultaneous parallel procedures under the competitive examination and merit promotion process to fill the same position" and selecting someone other than the veteran under the merit promotion process); *see also Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008).

¶12    We have considered the appellant's remaining arguments on review, most of which pertain to the agency's actions in the appellant's prior VEOA appeals, and we find no basis for disturbing the initial decision. Because the appellant offers no new and material evidence that was unavailable before the record closed, and he has not shown that the administrative judge erroneously interpreted a statute or regulation, we deny the appellant's petition for review. *See* 5 C.F.R. § 1201.225(d).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.